THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMIR TEDESSE,<br>Plaintiff,<br>v.<br>ALWAYS ON GUARD SECURITY,<br>Defendant. | CASE NO. C26-2300-JCC<br>ORDER |

This matter comes before the Court on Plaintiff's motion to appoint *pro bono* counsel (Dkt. No. 7). After thoroughly considering the relevant record, the Court DENIES the motion for for the reasons explained herein.

In general, appointed *pro bono* counsel "is a privilege and not a right." *United States ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965). This decision always rests with "the sound discretion of the trial court." *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). While a court may do so pursuant to 28 U.S.C. § 1915(e)(1),[1] it is limited to "exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). "A

[1] 28 U.S.C. § 1915 does not actually authorize the Court to force a lawyer to take a case. Nor does the Court have staff attorneys standing by to represent *pro se* litigants. Instead, the Court may only "request" that an attorney represent an indigent litigant. 28 U.S.C. § 1915(e); *see also Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307 (1989) (holding that § 1915(e) authorizes "courts to ask but not compel lawyers to represent indigent litigants.")

finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (alteration in original) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). And here, the Court cannot find such circumstances.

In light of the EEOC's right-to-sue letter and other exhibits included in Plaintiff's complaint, (*see* Dkt. No. 4 at 9–22), the Court deems Plaintiff's likelihood of success moderate. Nevertheless, this case appears to present a straightforward employment discrimination matter. (*See generally id.*). And based on Plaintiff's filings to date, it would seem that Plaintiff is capable of articulating his claims (without the assistance of counsel). Thus, the appointment of counsel is not warranted at this time. Accordingly, the motion to appoint counsel is DENIED without prejudice.

DATED this 20th day of August 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE